■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNATHAN MCALLISTER, Appellant. [826 NYS2d 71]—

Judgment, Supreme Court, New York County (Gregory Carro, J., at suppression hearing; Eduardo Padro, J., at jury trial and sentence), rendered March 31, 2004, convicting defendant of criminal possession of a controlled substance in the third and fourth degrees, criminal possession of a weapon in the third degree and two counts of criminally using drug paraphernalia in the second degree, and sentencing him to an aggregate term of 5 to 15 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see *People v Prochilo*, 41 NY2d 759, 761 [1977]). While executing a warrant for defendant's arrest, the police knocked on the door and called the apartment's phone. They noticed that, instead of answering the knock or the telephone, the occupants were moving around inside. When defendant ultimately opened the door, the police saw another individual engage in furtive conduct, consisting of running into a back room of the apartment. In addition, defendant then told them that a third person was in another room. Accordingly, the officers had reason to fear "[a]n ambush in a confined setting of unknown configuration" (*Maryland v Buie*, 494 US 325, 333 [1990]; *see also People v Andino*, 256 AD2d 153 [1998], *lv denied* 93 NY2d 922 [1999]), and they lawfully conducted a limited protective sweep of the apartment, which was narrowly confined to a cursory visual inspection, leading them to observe contraband in plain view. We have considered and rejected defendant's remaining arguments on the suppression issue.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Marlow, Williams, Gonzalez and Catterson, JJ.